UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,

    Plaintiff,

v.

IRENE JURADO; et al.,

    Defendants.

No. C 07-2811 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Tony Blackman, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The action originally was filed in the Eastern District of California and was later transferred to this district because this district was the proper venue for Blackman's challenge to the conditions of confinement at Salinas Valley. Before the action was transferred, Blackman filed an amended complaint on April 26, 2007. The amended complaint is now before the court for initial review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The amended complaint is hardly a model of clarity and reference to the original complaint and exhibits is necessary to try to understand the claims Blackman is trying to assert. The amended complaint appears to allege two claims: (1) a denial of access to the court claim based on a denial of access to law library services, and (2) a claim that prison officials are disobeying a Los Angeles County Superior Court order that he appeal in his criminal case. Both claims have problems.

A.   Denial Of Access To The Courts

Prisoners have a constitutional right of access to the courts. To establish a claim for any violation of the right of access to the courts, the inmate must show that there was an inadequacy in the jail's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the inmate must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: an inmate whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the jail's legal assistance facilities, he could not have known; and an inmate who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).

Blackman alleges that the law librarian denied him law library access and services. Although the amended complaint does not mention the date on which this occurred, the original complaint indicates that the denial occurred on January 30, 2007, when law librarian Jurado

2

1 denied Blackman's request for long blank typing paper so he could file a court document.
2 Blackman alleges that he filed an inmate appeal on January 30, 2007 requesting long blank
3 typing paper he wanted to use to file a civil action regarding his "illegal prison conditions" and
4 "false imprisonment." Amended Complaint, p. 3. Defendant librarian Irene Jurado and appeal
5 coordinator Medina allegedly refused to respond to his inmate appeal.

      Blackman's amended complaint and exhibits clearly show that he did not exhaust his administrative remedies before filing this action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

      Exhibits to the complaint and amended complaint show that Blackman's inmate appeal was screened out at the first formal level as incomprehensible. Specifically, appeals coordinator Medina responded to Blackman's inmate appeal by returning it to him with the "pointless verbiage/appeal is vague" box checked and the comment: "I don't understand your requested action. You request 2 C/Os be promoted to sgt. to investigate false imprisonment. Please provide a specific requested action so your inmate appeal may be processed." Complaint, Exh. A. The response was a reasonable interpretation of Blackman's inmate appeal which had in fact made a garbled request that mentioned the denial of his request for typing paper and stated that the denial of the typing paper prevented him from responding "to appellant 30 day federal court order to amend appellant civil suit complaint so appellant can request C/O D. Jones and C/O J. Baker be promoted to sergeant to investigate appellant false imprisonment so appellant can receive a full pardon." Complaint, Exh. A. Although the inmate appeal mentioned the denial of blank paper, when read in toto, the appeal made no sense. More importantly, because the appeal was screened out at the first formal level, it never made it to the highest level (i.e., to the CDC director's level) as required for exhaustion of administrative remedies by a California

3

prisoner. Blackman conceded in his amended complaint that he had not completed the inmate appeal process and his explanation for why he had not done so does not make sense. See Amended Complaint, p. 2. Because plaintiff conceded in his amended complaint that he had not exhausted administrative remedies as to this claim before filing the action, the claim is dismissed without prejudice.

B.    Disobedience Of A Court Order

The second claim in the amended complaint is that prison officials are disobeying a court order. Blackman alleges that he wants a permanent injunction compelling prison officials "to (stop) (disobeying) Los Angeles Court Superior Court order allowing plaintiff to appeal in state prison." Amended Complaint, p. 4 (parentheses in source).

The claim is duplicative of a claim presented in Blackman v. Mantel, C 07-2609 SI. The claim is frivolous because it repeats a claim made in the earlier case. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).   The claim is dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, this action is dismissed. The claim for denial of access to the courts is dismissed without prejudice to plaintiff filing a new action in which he asserts it after he exhausts administrative remedies for the claim. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 5, 2007                                    _____
                                                                           SUSAN ILLSTON
                                                                           United States District Judge

4